IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| SKYMONT FARMS, DUSTY | ) | |
| WANAMAKER, ANTHONY WANAMAKER | ) | |
| & CATRENIA WANAMAKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:09-CV-65 |
| | ) | |
| FEDERAL CROP INSURANCE | ) | |
| CORPORATION, RISK MANAGEMENT | ) | |
| AGENCY, UNITED STATES | ) | |
| DEPARTMENT OF AGRICULTURE & | ) | |
| NAU COUNTRY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER**

Defendants, Federal Crop Insurance Corporation, an agency of the United States Department of Agriculture, the Risk Management Agency, also an agency of the United States Department of Agriculture, and the United States Department of Agriculture ("The Federal Defendants"), by and through James R. Dedrick, United States Attorney for the Eastern District of Tennessee, hereby answer the allegations contained in the Complaint as follows:

Answering specifically the numbered paragraphs of the complaint, utilizing the same paragraph numbering, defendants admit, deny, and otherwise answer as follows:

1.      Federal Defendants admit the residential address of Dusty Wanamaker, but deny that Dusty Wanamaker is the owner and operator of the farming operation known as Skymont Farms located in Grundy County, Tennessee.

2.      Federal Defendants admit the residential address of Anthony and Catrenia Wanamaker, but deny they are the former owners and operators of Skymont Farms.

3.      Admit.

4.      Federal Defendants admit the Risk Management Agency is an agency of the United States Department of Agriculture, and admit that service upon the listed individuals is required to properly serve the Risk Management Agency, but deny that the Risk Management Agency is a proper defendant in this civil action.

5.      Federal Defendants admit the United States Department of Agriculture is a Department of the United States of America, and admit that service upon the listed individuals is required to properly serve the United States Department of Agriculture, but deny that the United States Department of Agriculture is a proper defendant in this civil action.

6.      Federal Defendants admit NAU Country Insurance Company sells and provides crop insurance to individuals and businesses located in Grundy County, Tennessee, but lack sufficient knowledge to admit or deny the remaining assertions in paragraph six of the Complaint.

7.      Federal Defendants admit this court has jurisdiction over the Federal Crop Insurance Corporation pursuant to the Federal Crop Insurance Act, 7 U.S.C. § 1501, et seq., but deny jurisdiction over the Risk Management Agency and the United States Department of Agriculture.  Federal Defendants deny this court has jurisdiction over defendants pursuant to 28 U.S.C. § 1346.  Federal Defendants are without sufficient knowledge to admit or deny the remaining assertions in paragraph seven of the Complaint.

8.      Federal Defendants admit venue is proper in this judicial district pursuant to 7 U.S.C. § 1508(j)(2)(A) because the subject farm is located within this judicial district.  Federal

Defendants deny that venue is proper pursuant to 28 U.S.C. § 1402(a)(1). Federal Defendants are without sufficient knowledge to admit or deny whether venue is proper under 28 U.S.C. § 1391(a)(2), (b)(2) and (e)(2).

9.     Federal Defendants admit that Dusty Wanamaker signed an application for crop insurance through NAU Country Insurance Company which policy was reinsured by FCIC. Federal Defendants deny the remaining assertions in paragraph nine of the complaint.

10.     Federal Defendants lack knowledge sufficient to admit or deny the assertions in paragraph ten of the complaint, except to deny that Plaintiff Dusty Wanamaker was the owner of Skymont Farms at all times relevant to this civil action.

11.     Federal Defendants admit the policy of insurance could have provided some coverage for the damages complained of by plaintiffs, but deny that coverage was due under the terms of the policy of insurance.

12.     Deny.

13.     Deny.

14.     Deny.

15.     Admit.

16.     Admit.

17.     Federal Defendants admit the loss claim was denied and the insurance policy voided, but deny any action by the defendants was wrongful.

18.     Admit.

19.     Federal Defendants admit the hearing officer with the National Appeals Division upheld the denial of the plaintiffs' indemnity claim and found the policy to be void, but deny any action by the hearing officer was wrongful.

20.     Admit.

21.     Admit.

22.     Federal Defendants admit the assertions in paragraph twenty-two of the complaint, except deny that RMA and USDA may be named defendants under the Federal Crop Insurance Act or under Section 20(e) of the policy of insurance.

23.     Deny.

The remainder of the complaint contains plaintiffs' prayers for relief to which no response is required. To the extent a response is required, Federal Defendants deny plaintiffs are entitled to the relief sought in the complaint. All material allegations not heretofore specifically admitted, denied or explained are hereby denied.

## AFFIRMATIVE DEFENSES

In addition to the answers listed above, the United States raises the following affirmative defenses:

1.     The Federal Defendants are not liable for punitive damages under local law but are liable, if at all, only as set out in Federal law and regulations.

2.     The Federal Defendants are not liable for bad faith denials under local law but are liable, if at all, only as set out in federal law and regulations.

3.     There is no right of jury trial against the Federal Defendants.

4.     The Complaint fails to state a claim upon which relief can be granted.

5.     The sole review of any agency decision is based on the record of proceedings and not a trial de novo. The Federal Defendants expect to shortly file a certified copy of the administrative record.

Respectfully submitted,


JAMES R. DEDRICK
United States Attorney


By:     *s/M. Kent Anderson*
        M. KENT ANDERSON (BPR #004199)
        Assistant United States Attorney
        1110 Market Street, Suite 301
        Chattanooga, Tennessee  37402
        Kent.Anderson@usdoj.gov
        (423) 752-5140

OF COUNSEL:

Steven Youngpeter
Senior Attorney
U.S. Department of Agriculture
Office of General Counsel
4121 Carmichael Road
Suite 205, Sterling Centre
Montgomery, AL  36106


CERTIFICATE OF SERVICE

        I hereby certify that on October 8, 2009, a copy of the foregoing Answer was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to plaintiff's attorney, who is registered as a user of the electronic case filing system as indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic filing system.


                        *s/M. Kent Anderson*
                        M. KENT ANDERSON
                        Assistant United States Attorney