UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| SKYMONT FARMS, DUSTY ) | |
| WANAMAKER, ANTHONY WANAMAKER, ) | |
| AND CATRENIA WANAMAKER, ) | |
| ) | |
| PLAINTIFFS ) | |
| ) | CIVIL ACTION NO. 4:09-CV-00065 |
| ) | MATTICE/LEE |
| VS. ) | JURY TRIAL DEMANDED |
| ) | |
| FEDERAL CROP INSURANCE ) | |
| CORPORATION, RISK MANAGEMENT ) | |
| AGENCY, UNITED STATES DEPARTMENT ) | |
| OF AGRICULTURE, AND NAU COUNTRY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| DEFENDANTS ) | |

\* \* \* \* \* \* \* \* \* \*
**PLAINTIFFS' RESPONSE TO FCIC'S MOTION TO STRIKE
PLAINTIFFS' REQUEST FOR TRIAL BY JURY**
\* \* \* \* \* \* \* \* \* \*

Come the Plaintiffs, Skymont Farms, Dusty Wanamaker, Anthony Wanamaker and Catrenia Wanamaker, by and through counsel, and for their Response to the Motion of Defendant Federal Crop Insurance Corporation to strike the Plaintiffs' Request For Trial By Jury, state as follows:

Defendant Federal Crop Insurance Corporation, hereinafter "FCIC", makes the following five (5) assertions in support of its Motion To Strike Plaintiffs' Request For a Trial By Jury: (1) that the Plaintiffs are "seeking **judicial review** of a crop insurance indemnity claim denied by the FCIC" (emphasis added); (2) that this is a suit "**against the United States of America**" and, therefore, the

1

Plaintiffs "are not entitled to trial by jury unless the statute waiving sovereign immunity also provides for trial by jury" (emphasis added); (3) that the Complaint was filed "pursuant to the Federal Crop Insurance Act found at 7 U.S.C. Section 1501 et seq."; (4) that "the FCIC is treated as a sovereign for sovereign immunity purposes"; and (5) that "the statutory sections dealing with the waiver of FCIC's sovereign immunity under the Federal Crop Insurance Act are Section 1506(d) and Section 1508(j)(2)(A)", neither of which contain "a provision for trial by jury". (FCIC's Memorandum of Law In Support of Defendant's Motion To Strike Plaintiffs' Request For Trial By Jury, hereinafter "FCIC's Memorandum", pages 1-2.) Based on these assertions, the FCIC concludes and argues that pursuant to the holding of the United States Supreme Court in **Lehman v. Nakshian**, 453 U.S.156, 161, 101 S.Ct. 2698, 69 L.Ed.2d 548 (1981), that the Plaintiffs' demand for a jury trial should be stricken. (FCIC's Memorandum, page 2.) As indicated in the arguments below and the authorities cited below, neither the FCIC's assertions, nor its conclusion are correct and, therefore, its Motion to Strike the Plaintiffs' Request For a Trial By Jury should be denied.

    1. <u>The Plaintiffs are not simply seeking "judicial review" of the FCIC's denial of their crop insurance indemnity claim and are entitled to a trial de novo</u>.

In its Memorandum of Law, the FCIC asserts that the Plaintiffs are simply seeking "judicial review" of a crop insurance indemnity claim denied by the FCIC. (FCIC's Memorandum, page 1.) As clearly indicated in numerical paragraph 22 of the Plaintiffs' Complaint, however, the Plaintiffs are not seeking a "judicial review" or an "appeal" of the FCIC's determination in this case. (Plaintiffs' Complaint, page 9.) Instead, the Plaintiffs actually filed "suit" against the Defendants, NAU, FCIC, RMA and USDA, requesting a judicial "determination regarding the validity of the Plaintiffs' claim for

2

damages and determining the amount of damages to which the Plaintiffs are entitled from the Defendants." (Id.) Thus, the Plaintiffs brought an original suit against the Defendants seeking a de novo determination regarding the validity of their indemnity claim and setting the amount of damages to which they are entitled to from the Defendants.

The applicable insurance policy, the Federal Crop Insurance Act and applicable case law all support the Plaintiffs' right and ability to file an original suit against each of the Defendants, including the Federal Defendants, FCIC, RMA and USDA, and all support the Plaintiffs' right to a de novo determination regarding the validity of their indemnity claim and the amount of damages to which they are entitled. Section 20(e) of the applicable Multiple Peril Crop Insurance Policy Terms and Conditions - Basis Provisions specifically provides that an insured may "elect to bring suit" and that "such suit must be filed against FCIC". The Federal Crop Insurance Act specifically provides at 7 U.S.C. Section 1506(d) that the FCIC "may sue and be sued in its corporate name" and that "the District Courts of the United States...shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the corporation." The Federal Crop Insurance Act further provides at 7 U.S.C. Section 1508(j)(2) that "if a claim for indemnity is denied by the corporation or an approved provider on behalf of the corporation, an action on the claim may be brought against the corporation or secretary only in the United States District Court for the district in which the insured farm is located." Thus, the applicable policy provisions and the applicable Federal Crop Insurance Act provisions do not refer to a "judicial review" or to an "appeal" of the FCIC's determination. Instead, the terms "original jurisdiction", to "bring suit" and to file "an action on the claim" are used and the plain meaning of those words indicate that the Plaintiffs have the right to a de

3

novo trial and determination of the validity of the Plaintiffs' indemnity claim and the amount of damages to which they are entitled.

Because of such specific and distinct language contained in the applicable policy and in the Federal Crop Insurance Act, the Federal Courts hold that insureds are entitled to a "de novo" trial regarding their indemnity claims following a denial by the FCIC, instead of just an appellate review of the FCIC decision.  (**Hammit v. Federal Crop Insurance Corporation**, 712 F.Supp. 832 (D. Col. 1989).  See also **Tumon Partners, LLC v. Shin**, 2008 WL 4533663 (S.C. Guam 2008); **Oklahoma Bar Association v. Brown**, 990 P.2d 840, 844 (Okla. 1988); and **In Re: Wimbish**, 733 So.2d 1183, 1186 (La. 1999).)

As determined in **Hammit v. Federal Crop Insurance Corporation**, an insured has "the right to bring an action against the FCIC on its claim for indemnity.  (712 F.Supp. at 834.)  The Court in **Hammit v. Federal Crop Insurance Corporation** further determined that the Federal Crop Insurance Act "does not state that the agency's determination is to be 'reviewed' by the District Court", that a District Court "is not confined to consideration of the agency's decision and of the evidence on which it was based", and that instead, the District Court should make a "de novo" determination regarding the "claim for indemnification".  (712 F.Supp. at 834.)

Thus, the FCIC's initial assertion that the Plaintiffs are only entitled to a review of the record before the FCIC is simply incorrect and would not provide support for its Motion to Strike the Plaintiffs' Request for Trial By Jury or provide authority for a limitation upon the de novo judicial proceedings to which the Plaintiffs would be entitled before the United District Court, including full discovery, the presentation of any and all applicable and relevant evidence and a trial by jury.

2. <u>The statutes creating and governing the FCIC waived the FCIC's sovereign immunity, including its immunity to a trial by jury.</u>

Two of the FCIC's assertions in support of its Motion to Strike the Plaintiffs' Request For Trial By Jury include the assertions that the FCIC should be treated as the United States of America or as a "sovereign" for sovereign immunity purposes and that, therefore, the Plaintiffs are not entitled to a trial by jury, unless the statute waiving the sovereignty of the FCIC so as to allow it to be sued also specifically provides for a trial by jury. (FCIC's Memorandum, page 2.) Case law examining the Federal Statutes which created and which govern the FCIC, however, have clearly indicated that the full sovereign immunity of the United States of American does not apply to the FCIC and that the right to object to a trial by jury has been waived.

The Federal Crop Insurance Act specifically provides at 7 U.S.C. Section 1506(d) that the FCIC "may sue and be sued in its corporate name". This "sue and be sued" provision is critical to the analysis of the amount of sovereign immunity to which the FCIC is entitled, and dictates that the FCIC is not protected or immune from having to face a trial by jury.

In **Hammit v. Federal Crop Insurance Corporation**, the Court specifically found that governmental corporations, such as the FCIC, do not inherently possess sovereign immunity. (712 F.Supp. at 833.) In **Hammit**, the Court found that "Congress empowered the FCIC to sue and be sued" and that "when Congress has created agencies of the Federal government with the power to sue and be sued, this has generally been construed as a waiver of sovereign immunity for certain purposes. (712 F.Supp. at 833, citing **R & R Farm Enterprises, Inc. v. Federal Crop Insurance Corporation**, 788 F.2d 1148 (5th Cir. 1986) and **Edmonds v. Federal Crop Insurance**

5

**Corporation**, 684 F.Supp. 656 (N.D. Ala. 1988).)

Other Federal Courts have determined that the waiver of sovereign immunity imposed pursuant to a "sue and be sued" provision, includes the waiver of the ability to object to a trial by jury. In **Doe v. American National Red Cross**, 845 F.Supp. 1152 (S.D. W.Va. 1994), the Red Cross attempted to rely on the same case upon which the FCIC attempts to rely on in this case, **Lehman v. Nakshian**, to argue that the Court should strike the Plaintiffs' jury demand. (845 F.Supp. at 1153.) In fact, the Red Cross also argued in **Doe v. American National Red Cross**, as the FCIC does in this case, that because its creating statute "contains no specific and unequivocal waiver of immunity from trial by jury", that it "is immune by virtue of residual immunity" to a request for a trial by jury. (Id.) The Court in **Doe v. American National Red Cross**, however, rejected such argument and found that "Congress' firm practice of allowing federally charted corporations to sue and be sued, 'reveals a definite attitude on the part of Congress which should be given hospitable scope'" (845 F.Supp. at 1154, citing and quoting from **Keifer & Keifer v. Reconstruction Finance Corp.**, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939)) and that "such waivers by Congress of governmental immunity in case of such Federal instrumentalities should be liberally construed." (845 F.Supp. at 1154.)

The Court in **Doe v. American National Red Cross** went on to explain that "when Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to 'sue and be sued', it cannot be lightly assume that restrictions on that authority are to be implied." (845 F.Supp. at 1155.) The Court in **Doe v. American National Red Cross** further determine that Congress' use of the 'sue and be sued' provision fully waives a federally created corporation's sovereign immunity, including any residual immunity to shield it from a jury trial. (845

6

F.Supp. at 1153-1157, citing **Keifer & Keifer v. Reconstruction Finance Corp.**, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939);

**FHA v. Burr**, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940); **RFC v. Menihan Corp**., 312 U.S. 81, 61 S.Ct. 485, 85 L.Ed. 595 (1941); **Franchise Tax Bd. of Cal. v. United States Postal Service**, 467 U.S. 512, 104 S.Ct. 2549, 81 L.Ed. 2d 446 (1984); **Laeffler v. Frank**, 486 U.S. 549, 108 S.Ct. 1965, 100 L.Ed. 2d 549 (1988); **White v. Bloomburg**, 501 F.2d 1379 (4th Cir. 1974); and **Gen. Elec. Credit Corp. v. Smith**, 565 F.2d 292 (4th Cir. 1977). See also **Doe v. American National Red Cross**, 847 F.Supp. 643 (W.D. Wisc. 1994); **Harrington v. American National Red Cross St. Louis Bi-State Chapter**, 31 F.Supp.2d 703 (E.D. Missouri 1999); and **Washington International Insurance Co. v. United States**, 678 F.Supp. 902 (U.S. Ct. Int. Trade 1988).)

3. <u>The Plaintiffs are entitled to trial by jury for state law claims and claims for Bad Faith Insurance Settlement Practices made pursuant to the Tennessee Code.</u>

In its Memorandum in support of its Motion to Strike Plaintiffs' Request For Trial By Jury, the FCIC acknowledges that the Plaintiffs' Complaint "was filed, among other jurisdictional assertions, pursuant to the Federal Crop Insurance Act found at 7 U.S.C. Section 1501 et seq." (FCIC's Memorandum, page 2.) The FCIC, however, failed to even address the "other jurisdictional assertions" which it acknowledges the Plaintiffs made in their Complaint.

Those "other jurisdictional assertions" made by the Plaintiffs in their Complaint include the state law claims made by the Plaintiffs for breach of contract, for bad faith insurance settlement practices and for bad faith refusal to pay. (Plaintiffs' Complaint, pages 7-8.) In particular, the Plaintiffs made a claim pursuant to Tennessee Code Section 56-7-105 and other applicable Tennessee Code provisions

7

pertaining to the insurance claims settlement practices and bad faith of the Defendants. (Id.) The FCIC, however, completely failed to address the Plaintiffs' right to a jury trial pursuant to such common law and Tennessee Code causes of action.

For these reasons, although the Plaintiffs assert that the FCIC's motion should be completely denied, in the event the Motion of the FCIC to Strike the Plaintiffs' Request For Trial by Jury is granted, it should only be granted with regard to the claims made by the Plaintiffs against the FCIC pursuant to the Federal Crop Insurance Act and should not be granted with regard to the common law and state law claims made by the Plaintiffs against the Defendants. (See also, **Washington International Insurance Co. v. United States**, 678 F.Supp. 902 (U.S. Ct. Int. Trade 1988).)

5. The FCIC's immunity arguments are inapplicable to NAU Country Insurance Company.

Defendant NAU Country Insurance Company has not filed a Motion to Strike the Plaintiffs' Request For Trial by Jury. In addition, none of the arguments asserted by the FCIC in its Motion and in its Memorandum of Law are applicable to Defendant NAU Country Insurance Company. The FCIC's arguments are based upon sovereign immunity arguments which are inapplicable to Defendant NAU Country Insurance Company. For these reasons, although the Plaintiffs assert that the FCIC's Motion should be completely denied, in the event the FCIC's Motion to Strike the Plaintiffs' Request For Trial By Jury is granted, it should only be granted with regard to the FCIC and not with regard to the Plaintiffs' claims asserted against Defendant NAU Country Insurance Company.

WHEREFORE, based on the foregoing arguments and authorities cited, the Plaintiffs request that the Motion of Defendant Federal Crop Insurance Corporation to Strike the Plaintiffs Request For Trial By Jury be denied.

8

Case 4:09-cv-00065   Document 18   Filed 11/17/09   Page 8 of 10

Respectfully submitted by:

By: /s/Stephen E. Neal
WHITE PECK CARRINGTON, LLP
Post Office Box 950
Mt. Sterling, Kentucky 40353
TELEPHONE: (859) 498-2872
FACSIMILE: (859) 498-2877
EMAIL: sneal@whitepeckcarrington.com
ATTORNEY FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2009, a copy of the foregoing Response was electronically filed pursuant to the Court's Electronic Filing System and that Notice of this filing was sent by operation of the Court's Electronic Filing System to the following:

Hon. M. Kent Anderson
Assistant United States Attorney
Office of the United States Attorney
1110 Market Street, Suite 301
Chattanooga, Tennessee 37402
email: kent.anderson@usdoj.gov
ATTORNEY FOR DEFENDANTS
FEDERAL CROP INSURANCE
CORPORATION, RISK MANAGEMENT
AGENCY AND UNITED STATES
DEPARTMENT OF AGRICULTURE

Hon. Daniel C. Headrick
Paine, Tarwater, Bickers, LLP
900 South Gay Street
2200 Riverview Tower
Knoxville, Tennessee 37902
email: dch@painetar.com

ATTORNEY FOR DEFENDANT
NAU COUNTRY INSURANCE COMPANY

Hon. Matthew J. Evans
Paine, Tarwater, Bicker, LLP
900 South Gay Street
2200 Riverview Tower
Knoxville, Tennessee 37902
email: mje@painetar.com
ATTORNEY FOR DEFENDANT
NAU COUNTRY INSURANCE COMPANY

Hon. Steven D. Pattee
Pattee & Associates
17595 Kenwood Trail, Suite 150
Lakeville, Minnesota 55044
email: steve@patteelaw.com
ATTORNEY FOR DEFENDANT
NAU COUNTRY INSURANCE COMPANY

                                          /s/ Stephen E. Neal
                                          Stephen E. Neal
                                          Attorney for Plaintiffs