UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| SKYMONT FARMS, DUSTY WANAMAKER, ANTHONY WANAMAKER, and CATRENIA WANAMAKER,<br><br>    *Plaintiff*s,<br><br>v.<br><br>FEDERAL CROP INSURANCE CORPORATION, RISK MANAGEMENT AGENCY, UNITED STATES DEPARTMENT OF AGRICULTURE, and NAU COUNTRY INSURANCE COMPANY,<br><br>    *Defendants*. | Case No. 4:09-cv-65<br>Judge Mattice |

## **MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion to Strike Plaintiff's Request for a Trial by Jury [Court Doc. 14]. For the reasons explained below, Defendants' Motion to Strike Plaintiff's Request for a Trial by Jury [Court Doc. 14] will be **DENIED**.

## I.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 39(a) states that an action must be designated as a jury action if there has been a jury demand, and the case must be tried by a jury on all issues except for two situations. First, the parties may stipulate to a nonjury trial after a demand is made. Fed. R. Civ. P. 39(a)(1). Second, the court may find that there is no federal right to a jury trial on some or all of the issues. Fed. R. Civ. P. 39(a)(2).

## II.   ANALYSIS

Defendants assert that there is no right to a trial by jury in a suit against the United States of America, and the Federal Crop Insurance Corporation ("FCIC") is treated as a

sovereign for sovereign immunity purposes. (Court Doc. 15, Def.s' Mem. in Support of Mot. to Strike Plaintiff's Request for Trial By Jury at 2.) Defendants state that the FCIC has not waived this immunity to provide for a trial by jury, so Plaintiffs' request for a jury trial is invalid and must be stricken. (*Id.*) Plaintiffs contend that the FCIC's sovereign immunity has been fully waived by the broad language in the statute allowing it to sue and be sued; therefore, this broad right should encompass all forms of trial, including trial by jury. (Court Doc. 18, Pl.'s Resp. at 2-4.) Plaintiffs also assert that they are entitled to a jury trial for their state law claims and that Defendants' Motion cannot apply to Defendant NAU Country Insurance Company. (*Id.* at 7-8.)

The Federal Crop Insurance Act, 7 U.S.C. § 1501 *et seq.*, created the FCIC and governs its operation. Section § 1506(d) states that "[s]ubject to 1508(j)(2)(A) of this title, the Corporation, subject to the provisions of 1508(j) of this title, may sue and be sued in its corporate name." Furthermore, "[t]he district courts of the United States . . . shall have exclusive original jurisdiction, without regard to the amount in controversy, of all suits brought by or against the Corporation." 7 U.S.C. § 1506(d).

The Court initially notes that no statute or case has explicitly stated that there *cannot* be a trial by jury against the FCIC. Likewise, no statute or case has explicitly stated that the plaintiff *is* entitled to a trial by jury against the FCIC. In fact, the Court cannot locate any case that specifically addresses this question in the context of the FCIC;[1] however, there are several cases which contemplate this issue in the context of similar governmental

---

[1] The Court has located one case against the FCIC in which the trial court held a bench trial for the FCIC and a jury trial against the other defendants. *See Fryman v. Fed. Crop Ins. Corp.*, 936 F.2d 244 (6th Cir. 1991). The *Fryman* court, however, does not analyze or even address this question.

agencies.

Upon review of the applicable case law, two general schools of thought emerge. The first is the position which Defendants take in this case, in which courts rely on the Supreme Court of the United States case *Lehman v. Nakshian*, 453 U.S. 156 (1981). In *Lehman*, the Court addressed whether a plaintiff suing the federal government under the Age Discrimination in Employment Act ("ADEA") was entitled to a trial by jury. *Lehman*, 453 U.S. at 157. At that time, the federal government had recently been added to the ADEA as an entity which could be sued for age discrimination, and § 15(c) (or 29 U.S.C. § 633a(c)) authorized lawsuits against the government. *Id.* at 158. Although the section allowed suit, it was silent as to the issue of trial by jury in suits against the federal government. This section was contrasted with § 7(c) (29 U.S.C. § 626(c)), which allowed suits against private employers and state and local governments. *Id.* at 159. Section 7(c) contained a specific provision stating that plaintiffs who brought such actions were entitled to a trial by jury. *Id.*

The *Lehman* court held that Congress's failure to include a statement about trial by jury in § 15(c), as compared to the explicit provision in § 7(c), indicated that such a right against the federal government was not available because the waiver of sovereign immunity for that purpose was not "affirmatively and unambiguously granted." *Id.* at 168. This general approach has been utilized to deny the right to a jury trial in several cases against federal governmental agencies, even when the agencies are subject to a statutory "sue and be sued" clause, the specific interpretation of which comprises the second school of thought. *See Nyman v. FDIC*, 967 F. Supp. 1562 (D.D.C. 1997) (relying on *Lehman* to

-3-

find no right to jury trial on an Equal Pay Act claim against the FDIC); *Berman v. Am. Nat'l Red Cross*, 834 F. Supp. 286 (N.D. Ind. 1993) (no right to jury trial against the ARC); *Barton v. Am. Red Cross*, 826 F. Supp. 412 (M.D. Ala. 1993) (same); *In re Young*, 869 F.2d 158 (2d Cir. 1989) (no right to jury trial against the United States Postal Service ("USPS")); *Grandison v. U.S. Postal Serv.*, 696 F. Supp. 891 (S.D.N.Y 1988) (same). The United States Court of Appeals for the Sixth Circuit has very briefly addressed this issue in an unpublished opinion and applied *Lehman* in the context of a Family Medical Leave Act suit against USPS. *See Davis v. Henderson*, No. 99-3028, 2000 WL 1828476, at * 1-2 (6th Cir. Dec. 4, 2000). In addition, this Court has very recently followed *Lehman* in the context of various tort suits against the Tennessee Valley Authority concerning the December 2008 coal ash spill. *See Mays v. TVA*, --- F. Supp.2d ---, 2010 WL 1233966, at * 33-35 (E.D. Tenn. Mar. 26, 2010).

The second school of thought interprets the "sue and be sued" clauses which often appear in statutes governing the creation and operation of various governmental agencies. This alternative approach relies on a series of Supreme Court cases specifically interpreting the "sue and be sued" clauses as broad waivers of sovereign immunity. Although the Supreme Court initially commented on the broad nature of "sue and be sued" clauses and the waiver of sovereign immunity in *Keifer & Keifer v. Reconstruction Fin. Corp.*, 306 U.S. 381 (1939), the Court clarified, in *FHA v. Burr*, 309 U.S. 242 (1940), that "waivers by Congress of governmental immunity in case of such federal instrumentalities should be liberally construed. . . . when Congress establishes such an agency, authorizes it to engage in commercial and business transactions with the public, and permits it to 'sue

and be sued', it cannot be lightly assumed that restrictions on that authority are to be implied." *Burr*, 309 U.S. at 244. "[I]t must be presumed that when Congress launched a governmental agency into the commercial world and endowed it with authority to 'sue or be sued', that agency is not less amenable to judicial process than a private enterprise under like circumstances would be." *Id.* The words "sue and be sued" in their ordinary sense, the *Burr* Court concluded, "embrace all civil process incident to the commencement or continuance of legal proceedings." *Id.* at 245.

Although the *Burr* Court considered the issue in the context of whether the plaintiff could subject the Federal Housing Administration to garnishment proceedings, these statements indicate that federal governmental entities operating under a "sue and be sued" clause are meant to function, and be subject to suit, in a fashion basically identical to a private entity. The Supreme Court later applied *Burr* in the context of interest awards in *Loeffler v. Frank*, 486 U.S. 549 (1988), and the *Loeffler* Court stated that "since Congress expressly included several narrow and specific limitations on the operation of the sue-and-be-sued clause . . . the natural inference is that it did not intend other limitations to be implied." *Loeffler*, 486 U.S. at 557.

*Keifer, Burr,* and *Loeffler* form the basis for the finding that government agencies subject to a "sue and be sued" clause have broadly waived sovereign immunity and, as a normal incident of civil suit, should be subject to jury trials. *See, e.g., Harrington v. Am. Nat'l Red Cross St. Louis Bi-State Chapter*, 31 F. Supp.2d 703 (E.D. Mo. 1999) (following *Burr* and *Loeffler* to find that sovereign immunity was entirely waived by the "sue and be sued" clause and that plaintiff was entitled to a jury trial); *Doe v. Am. Nat'l Red Cross*, 845

F. Supp. 1152 (S.D. W.Va. 1994) (same); *Doe v. Am. Nat'l Red Cross*, 847 F. Supp. 643 (W.D. Wis. 1994) (same). In particular, the court in *Doe v. Am. Nat'l Red Cross*, 845 F. Supp. 1152, undertook an extensive analysis of *Lehman* and the Supreme Court cases interpreting the "sue and be sued" clauses, and used the principles outlined in *Keifer*, *Burr*, and *Loeffler* to find that the plaintiff in that action was entitled to a trial by jury, stating that *Lehman* was inapplicable because "Supreme Court precedent indicates 'sue and be sued' instrumentalities simply cannot be lumped with other governmental entities to analyze whether Congress intended they possess sovereign immunity; they are a separate species." *Doe*, 845 F. Supp. at 1156 (citations omitted). "The Supreme Court's consistent analysis and interpretation of 'sue and be sued' clauses instruct that when Congress authorized the ARC to sue and be sued, it abrogated the corporation's sovereign immunity and gave it the 'status of a private commercial enterprise.'" *Id.* at 1158 (quoting *Loeffler*, 486 U.S. at 556).

The Court would note that this split in authority is made all the more confusing because different agencies, arms, and instrumentalities of the federal government now subject to "sue and be sued" clauses were created differently, went through various statutory changes in governance, and function in very different ways, such that a rule applicable to TVA, USPS, or ARC may well not be applicable for all federal agencies subject to these clauses.[2]

---

[2]  One example of this problem is outlined in *Marcella v. Brandywine Hosp.*, 47 F.3d 618 (3d Cir. 1995). The *Marcella* court distinguished *In re Young*, the United States Court of Appeals for the Second Circuit case which found that *Lehman* applied to restrict the right to a jury trial against the USPS, by stating that the USPS had a different charter which "retained some of the attributes it held earlier as an undoubted part of government." *Id.* at 623. Statutes that created the ARC and other agencies, however, "established new entities rather than altering the status of a former government organization" like the USPS. *Id.* This fundamental

After considering the two schools of thought in the context of the instant case, however, the Court finds the second school of thought more persuasive based on a simple statutory construction analysis. In *Lehman*, the Supreme Court was analyzing two comparable sections of a statute. The Court found that Congress had opted to provide explicitly for a jury trial in one section and had failed to do so in the other. *Lehman*, 453 U.S. at 162. The Court found, therefore, that had Congress intended to provide for a jury trial in the latter section, it would have been equally explicit, and that such waivers of sovereign immunity in the context of jury trials must be unequivocally expressed. *Id.* at 168.

The Court in this case, on the other hand, views the "sue and be sued" clause as an "umbrella" waiver of sovereign immunity. In *Lehman*, the Supreme Court concluded that the waiver of sovereign immunity was narrow because a contrasting statutory provision extended a right to jury trial against defendants other than the federal government. The waiver of sovereign immunity in the FCIA, in contrast, was intended as a broad waiver, subject only to the limitations enumerated in § 1508(j). Those limitations include restrictions on the types of suits which may be brought against the FCIC and a statute of limitations, but they do not include any restriction on the right to a jury trial. Just as

---

difference in creation necessitated an inquiry into whether the agency "is so deeply involved in the government that a prohibition may be implied as if the United States itself were the party." *Id.* at 624. The *Marcella* court concluded that although the ARC functioned as an arm of the federal government at times, it was also completely independent of the federal government when it performed certain duties. *Id.* Therefore, the court held that the ARC "does not share sovereign immunity with the United States such that jury trials in personal injury suits would be inconsistent with, or interfere with, the role outlined in the organization's charter." *Id.*

Just as the *Marcella* court found fundamental differences between the creation and governance of USPS and the ARC, the court's fact-specific analysis of the ARC's varied claim to sovereign immunity would likely not apply to other federal agencies.

-7-

Congress had ample opportunity to explicitly provide for the right to a jury trial in *Lehman*, and chose not to, Congress had ample opportunity to explicitly prohibit jury trials when writing the "sue and be sued" clauses that broadly waived sovereign immunity for the FCIA and other federal agencies.

In essence, the Court finds that the general proposition in *Lehman* does not apply to agencies subject to "sue and be sued" clauses because it would be redundant to have both a "sue and be sued" clause to broadly waive sovereign immunity, in addition to a specific provision waiving that immunity in the context of the right to a jury trial. Instead, the Court interprets the "sue and be sued" clause as an "umbrella" waiver of sovereign immunity which waives sovereign immunity in all contexts, including the right to a jury trial. The Court finds that this interpretation comports with the principles outlined in *Keifer*, *Burr*, and *Loeffler*, and that these principles should apply to the instant case.

In the absence of a specific statutory limitation restricting Plaintiffs' right to have a trial by jury, the Court finds that the FCIC is subject to a trial by jury as part of the broad waiver of sovereign immunity outlined in the "sue and be sued" clause.

## III. CONCLUSION

For the reasons explained above, the Court **ORDERS** that Defendants' Motion to Strike Plaintiff's Request for a Trial by Jury [Court Doc. 14] is **DENIED**.[3]

---

[3] The Court finds it unnecessary, and therefore declines to address at this time other arguments raised in Plaintiffs' Response and addressed in Defendants' Reply; that is, the Court's scope of review, the ability of Plaintiffs to have a jury trial on certain damages, and the existence of any tort damage claim by Plaintiffs.

-8-

Case 4:09-cv-00065   Document 28   Filed 06/29/10   Page 8 of 9

**SO ORDERED** this 29th day of June, 2010.

                                                  */s/Harry S. Mattice, Jr.*
                                                  HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE